# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4034

_____

Seifullah Diaab,                                      *
                                                     *
                     Appellant,                       *
                                                     *
        v.                                            *
                                                     *  Appeal from the United States
Bill Terry, Classification Officer,                   *  District Court for the Eastern
Cummins Unit, Arkansas Department                     *  District of Arkansas.
of Correction; John Does, 1 & 2,                      *
Unknown Classification Committee                      *       [UNPUBLISHED]
Members, Cummins Unit and                             *
Maximum Security Unit, Arkansas                       *
Department of Correction,                             *
                                                     *
                     Appellees.                       *

_____

Submitted:  July 12, 2000

Filed:  July 21, 2000
_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.
_____

PER CURIAM.

        Seifullah Diaab filed a 42 U.S.C. § 1983 action against the Classification Officer and two unnamed members of the Classification Committee at the Arkansas Department of Corrections Cummins Unit (collectively the Committee), claiming the

Committee violated due process when it failed to grant him a hearing as required by state administrative regulations before placing him in administrative segregation and ultimately transferring him to a maximum security unit. The district court dismissed Diaab's action for failure to state a claim and Diaab appeals. Contrary to Diaab's view, we conclude Diaab's transfer to administrative segregation and then to a maximum security unit did not violate due process because it "was not 'a dramatic departure from the basic conditions' of his confinement and thus [did] not constitute 'the type of atypical, significant deprivation in which a [S]tate might conceivably create a liberty interest.'" Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (quoting Sandin v. Conner, 515 U.S. 472, 486 (1995)). Even assuming the transfer was an atypical and significant deprivation, the state's failure to follow its own procedural rules does not create a federal due process violation. See id. We thus affirm the dismissal of Diaab's claim. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.